*law libr.*

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM )  CRIMINAL CASE NO. CM0287-12
)
vs. )
)  **DECISION AND ORDER**
STOMU ASANUMA, )  (Motion to Dismiss)
)
Defendant. )

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on May 8, 2013, on Defendant's Motion to Dismiss ("Motion to Dismiss"). Attorney Brian E. Kegerreis represented Defendant Stomu Asanuma ("Defendant"). Assistant Attorney General James Collins appeared on behalf of The People of Guam ("The People"). Having reviewed the pleadings and arguments presented, the Court now issues the following Decision and Order GRANTING Defendant's Motion to Dismiss without prejudice.

## BACKGROUND

Defendant was arrested on August 6, 2011, for Driving While Under the Influence of Alcohol, Resisting Arrest, Ordinary Escape, Imprudent Driving, and Reckless Driving. The People filed a Complaint charging Defendant with the above acts on March 21, 2012.

A Summons was issued on April 23, 2012, requiring Defendant to appear for arraignment on May 9, 2012. Defendant, however, did not appear. Another Summons was issued on May 9, 2012, requiring Defendant to appear for arraignment on June 6, 2012. But Defendant did not appear on that date either. A Bench Warrant was issued on June 6, 2012, because reasonable diligent attempts were made by the Marshals to personally serve Defendant

a copy of the most recent Summons but without success. Defendant was arraigned on August 8, 2012, over sixty (60) days after the Complaint was filed.

Defendant filed Motion to Dismiss on April 15, 2013. The People filed People's Opposition to Motion to Dismiss ("Opposition") on April 16, 2013.

## DISCUSSION

The People concede dismissal is appropriate pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14 ("*Rasauo II*"). The People, however, argue that contrary to Defendant's request, dismissal should be without prejudice. Opposition at 4.

Dismissal in a criminal case shall be with prejudice when there is actual prejudice to a defendant and a defendant's ability to prepare a defense. The length of delay is the most essential factor for a trial court, but there are other factors to consider. The United States Supreme Court stated "[t]he longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restriction on his liberty. . . ." *United States v. Taylor*, 487 U.S. 326, 340 (1988). Moreover, the United States Supreme Court has recognized that "[d]ismissal without prejudice is not a toothless sanction" because "it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Id.* at 342. Where the violations involve both constitutional and statutory violations of a defendant's speedy trial right there is a greater likelihood for with prejudice dismissal.

A court should also consider the seriousness of the offense as the more serious the offense, the more weight given to dismissal without prejudice. *See United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994). The interests of the victim and interests of the public also play

*People v. Asanuma*
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0287-12

an important role in this evaluation. Under liberty concerns, the courts should consider effects on employment, financials, social association, anxiety of the defendant, anxiety of friends, and family and public criticism. *See Taylor,* 487 U.S. at 340. In combination with the overall length of delay, the Court should consider the fading memories of witnesses and deterioration of exculpatory evidence to establish actual prejudice. *See Doggett v. United States,* 505 U.S. 647, 654 (1992).

The Court understands that while the above standard applies to a speedy trial right violation and the federal rules may differ from Guam statutes, the factors are helpful in the instant matter as the Guam Supreme Court, in *Rasauo II,* has deemed the speedy arraignment right akin to the speedy trial right. *See People v. Rasauo,* 2011 Guam 14.

This Court will balance the factors provided to it by the United States Supreme Court to make a determination. Defendant has presented no support of any factor to show that actual prejudice occurred. There are no suggestions that witnesses are now unavailable or that exculpatory evidence is now missing or deteriorated. The Court should also consider the public interest factor and the impact on the alleged victim if dismissal occurs with prejudice. Defendant does face misdemeanor charges and the anxiety factors do not appear to weigh in Defendant's favor. As Defendant was not languishing in jail awaiting the initiation of this case, the liberty interests discussed in *Taylor* do not favor dismissal with prejudice. However, the crimes alleged against Defendant are not felony crimes, less serious than felonious acts. Finally, with all considered above, the Court does not find any bad faith by the Government or the Court in causing the delay.

According to the standard for with prejudice dismissal discussed above, the Court disagrees with Defendant and concludes that actual prejudice has not occurred. The Court

finds that Defendant's delay to arraignment was not so excessive that actual prejudice occurred based on the facts. The Court does appreciate the length of delay to arraignment Defendant faced; yet, Defendant was not incarcerated at the time he awaited arraignment and no factor weighing in Defendant's favor is great enough to warrant dismissal with prejudice.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion to Dismiss without prejudice.

**So ORDERED this** 28th **day of August, 2013.**

_____
**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 28 2013

Linda M. Perez
Deputy Clerk, Superior Court of Guam

_People v. Asanuma_
Decision and Order (Motion to Dismiss)
Criminal Case No. CM0287-12